IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER WALKER | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. __15-732_____ |
| | § | |
| PHILADELPHIA INSURANCE | § | |
| COMPANY, A MEMBER OF THE | § | |
| TOKIO MARINE GROUP | § | |

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes PHILADELPHIA INDEMNITY INSURANCE COMPANY, (incorrectly named as PHILADELPHIA INSURANCE COMPANY, A MEMBER OF THE TOKIO MARINE GROUP) ("Philadelphia"), and files this Notice of Removal under 28 U.S.C. §§ 1332, 1441 and 1446 (a) and (b) of the United States Code. As grounds for removal, Philadelphia respectfully shows the following:

### A. Introduction

1. Plaintiff is Dexter Walker.

2. On July 9, 2015, Plaintiff sued Philadelphia for breach of contract, unfair insurance practices, plus an additional 12% and 18% penalty pursuant to the Tex. Ins. Code, breach of the duty of good faith and fair dealing, including exemplary damages, violations of the Texas Deceptive Trade Practices Act, including three times the amount of economic damages, fraud, and attorney's fees, all relating to a policy of insurance issued by Philadelphia and Philadelphia's alleged handling of same. Plaintiff filed suit in the 224th Judicial District Court of Bexar County, Texas.

3.  Philadelphia was served with the suit on or about August 7, 2015.  *See*, **Exhibit A.** Philadelphia's Answer in state court would be due on August 31, 2015.

4.  Defendant files this Notice of Removal within thirty days of the date of Philadelphia's receipt of the initial pleading as required by 28 U.S.C. § 1446(b) (1).  No proceedings have taken place in the 224th Judicial District Court and that Court has issued no orders.

### B.  Basis for Removal

5.  Removal is proper because there is complete diversity between the parties.  *See* 28 U.S.C. § 1332(a); *see also Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).  Plaintiff is an individual and citizen of Texas.  Defendant Philadelphia is an insurance company existing under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania, and is therefore a citizen of Pennsylvania.

6.  Additionally, as shown below, the amount in controversy exceeds $75,000, excluding interest and costs.  *See* 28 U.S.C. § 1332(a); *see also Andrews v. E. I. du Pont de Nemours & Co.,* 447 F.3d 510, 514-15 (7th Cir. 2006).

7.  By letter dated April 15, 2015, Plaintiff made written demand on Philadelphia for PIP payment under the Policy, with evidence of some limited amount of medical expenses of $65,013.20 allegedly incurred for an Emergency Room visit at Uvalde Memorial Hospital on October 25, 2013 and for services provided by the South Texas Spine and Surgical Hospital on April 17, April 18, and May 20, 2014, presumably for treatment of his cervical spine, for a total of at least $65,013.20. (No doctor or physician invoices or bills were included)  A copy of Plaintiff's April 15, 2015 letter is attached hereto as **Exhibit B.**   Defendant forwarded a check for $2,500.00 payable to Plaintiff and his counsel on April 17, 2015 as payment for Plaintiff's PIP claim, a copy of which is attached hereto as **Exhibit C.**

8.    Subsequently, by letter dated July 30, 2015, Plaintiff's counsel notified Defendant that as a result of the accident Plaintiff had, in addition to treatment of his cervical spine, also undergone lumbar surgery at Northeast Baptist Hospital, and a knee operation, stating that he would provide the applicable records upon receipt.  In addition, Plaintiff had been receiving workers' compensation benefits since the accident on October 25, 2013.  A copy of Plaintiff's July 30, 2015 letter is attached hereto as **Exhibit D.**

9.    Finally**,** in his Original Petition, Plaintiff confirms that he "suffered serious bodily injuries, including to the knee, head, neck, and back," and that he "has undergone a left knee arthroscopy and Medial Meniscectomy; a C3-4 anterior cervical discectomy and arthrodesis with application of PEEK lordotic cage and anterior cervical plate fixation; C6-7 anterior cervical discectomy and arthrodesis with application of PEEK lordotic cage and anterior cervical plate fixation; harvest of sternal bone graft; and surgical repair to his lumbar spine." *See* **Exhibit A**, Plaintiff's Original Petition, ¶8.  However, as indicated above, only a small portion of the billings, from Uvalde Memorial Hospital for an emergency room visit and the South Texas Spine & Surgical Hospital were provided.  These additional medical services and operations, in addition to the damages of at least $65,013.20 for only the hospitals for the emergency room visit and some services provided by South Texas Spine and Surgical Hospital mentioned, show that the medical expenses sought substantially exceed $75,000.00.  In addition to the medical expenses incurred, however, Plaintiff seeks additional damages for future medical care and attention, lost wages for almost two years, future lost wages, reduced earning capacity for the rest of his life, treble or exemplary damages under the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing and under Texas Insurance Code, 12% and 18% penalty under the Texas Insurance Code, past and future pain and suffering, past and future medical impairment, past and future physical impairment, and past and future physical

disfigurement. *Id.* Plaintiff additionally seeks to recover his attorneys' fees by statute which are included as part of the amount in controversy. "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, based on the correspondence from Plaintiff's counsel attached hereto, and Plaintiff's Original Petition and claims asserted therein, the amount in controversy substantially exceeds the amount of $75,000.00. *See,* 28 US.C. § 1446 (c) (2) (B).

11.     Accordingly, removal is proper and this Court may exercise jurisdiction over this action. *See* 28 U.S.C. §§ 1332(a) and 1441(a) and (b).

12.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, orders and other filings in the state court suit are attached hereto as **Exhibit A.**

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

14.     Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

### C.  Jury Demand

15.     Plaintiff demanded a jury in the state court suit.

### D.  Conclusion

16.     For these reasons, Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY asks the Court to remove the suit to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
(210) 293-8700 (Office)
(210) 293-8733 (Fax)

By  */s/ Stephanie O'Rourke*
    STEPHANIE O'ROURKE
    State Bar No. 15310800
    sorourke@cbylaw.com

ATTORNEYS FOR DEFENDANT,
PHILADELPHIA INSURANCE
COMPANIES, A MEMBER OF THE
TOKIO MARINE GROUP

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served the below-listed counsel of record in accordance with Fed. R. Civ. P. 5(b):

*Attorneys for Plaintiff*
    Thomas J. Henry
    Dale Hicks
    THE LAW OFFICES OF THOMAS J. HENRY
    521 Starr Street
    Corpus Christi, Texas
    (361) 985-0600 (Office)
    (361) 985-0601 (Fax)

    */s/ Stephanie O'Rourke*
    STEPHANIE O'ROURKE