FILED
5 4:38:25 PM
ay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

CIT PPS W/JD - SAC1

**2015CI11247**

CAUSE NO.

| | | |
|---|---|---|
| DEXTER WALKER | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| PHILADELPHIA INSURANCE | § | |
| COMPANY, A MEMBER OF THE | § | |
| TOKIO MARINE GROUP | § | |
| | § | BEXAR COUNTY, TX |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Dexter Walker hereinafter referred to as "Plaintiff," files this Original Petition, complaining of Defendant, Philadelphia Insurance Company, a member of the Tokio Marine Group, hereinafter referred to as "Defendant," and for cause of action would respectfully show unto this Court as follows:

### DISCOVERY CONTROL PLAN

1. Pursuant to 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends the discovery in this case to be conducted under Level Three (3) of this Rule.

### II.
### PARTIES

2. Plaintiff is an individual residing in Bexar County, Texas.

3. Defendant, Philadelphia Insurance Company, a member of the Tokio Marine Group, may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3140.

14-006814 POP

**EXHIBIT A**

## III.
## VENUE

4. Venue is proper in Bexar County, Texas, pursuant to Tex. Ins. Code Ann. § 1952.110 in that the Plaintiff is a beneficiary under the policy in question and the Plaintiff resided in Bexar County at the time of the accident involving the underinsured vehicle.

## IV.
## FACTS

5. On October 25, 2013, Plaintiff sustained the severe bodily injuries hereinafter described as the direct and proximate result of the negligence of Brian Clay Wooten in the operation of a motor vehicle on FM 481 in Uvalde, Texas as more particularly alleged below. At such time, Plaintiff, acting in the course and scope of his employment for United Seating and Mobility, was protected against loss caused by bodily injury, and resulting from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle by a policy of insurance issued by defendant Philadelphia Insurance Company, a member of the Tokio Marine Group.

6. The injuries and damages suffered by Plaintiff and made the basis of this action arose out of a motor vehicle collision on October 25, 2013, in Uvalde, Texas. Plaintiff, Dexter Walker, was legally operating a 2012 Ford transit Connect XL in the southbound lane of FM 481. Plaintiff stopped at a stop light in a construction zone. Brian Clay Wooten was traveling behind the Plaintiff in a 2002 Chevrolet Silverado. Mr. Wooten admitted to the investigating police officer at the scene, DPS officer Emanuel Ornelas that he did not notice the warning signs and slammed into the rear end of the vehicle being operated by the Plaintiff. Mr. Wooten was traveling at approximately 50 mph when he violently rear ended the Plaintiff. Mr. Wooten was issued tickets for driving with an invalid license and for failing to control his speed.

14-006814 POP

**EXHIBIT A**

7. The collision described above, and the resulting injuries and damages suffered by Plaintiffs, were proximately caused by the negligent conduct of Brian Clay Wooten in one or more of the following respects:

- a. Failure to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
- b. Failure to timely apply the brakes of the vehicle in order to avoid the collision in question;
- c. Failure to obey traffic control device;
- d. Failing to control the speed of his vehicle;
- e. Operating a motor vehicle with an invalid license:
- f. Refraining from the operation of a motor vehicle unless and until he had a valid license:
- g. Ignoring construction warning signs.

Each of these acts and omission, singularly or in combination, constituted negligence and negligence per se that proximately caused the occurrence made the basis of this action and the plaintiff's injuries and damages as described below.

8. As a result of the negligence of Brian Clay Wooten, Plaintiff suffered serious bodily injuries, including to the knee, head, neck and back. Plaintiff has undergone a left knee arthroscopy and Medial Menisectomy; a C3-4 anterior cervical discectomy and arthrodesis with application of PEEK lordotic cage and anterior cervical plate fixation; C6-7 anterior cervical discectomy and arthrodesis with application of PEEK lordotic cage and anterior cervical plate fixation; harvest of sternal bone graft; surgical repair of his lumbar spine. As a further result of the negligence of Brian Clay Wooten, and the injuries described above, Plaintiff has incurred expenses for medical care and attention. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will incur reasonable expenses in the future for such medical needs. In addition, Plaintiff has been unable to work since the date of the accident and his ability to work in the future has been severely impaired. As a result, Plaintiff has

14-006814 POP

**EXHIBIT A**

suffered lost wages in the past, will continue to suffer lost wages in the future and has a significantly reduced earning capacity for the rest of his life. Accordingly Plaintiff seeks recovery for the following:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest
12. Post judgment interest
13. Loss of earnings
14. Loss of earning capacity

9. Having determined that Brian Clay Wooten was, at the time of the occurrence described above, operating an underinsured motor vehicle, as that term is defined in the policy of insurance, Plaintiffs timely and properly notified Defendant Philadelphia Insurance Company, a member of the Tokio Marine Group, and Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant Philadelphia Insurance Company, a member of the Tokio Marine Group has failed and refused, and still fails and refuses, to pay Plaintiff any benefits under this policy as it is contractually required to do. Plaintiff seeks relief against Defendant Philadelphia Insurance Company under the common law, the Deceptive Trade Practices Consumer Protection Act (DTPA), and the Texas Insurance Code.

10. Prior to October 25, 2013 collision, Defendant Philadelphia Insurance Company issued to its insured, Dexter Walker, a policy of insurance insuring protection against loss caused by bodily injury and property damages caused from the ownership, maintenance, or use of an

14-006814 POP

**EXHIBIT A**

uninsured/underinsured motor vehicle and that such policy was number PHPK1043161. Such policy was in full force and effect on October 25, 2013.

11. Dexter Walker was, at the time of the occurrence described above, operating an underinsured vehicle, as that term is defined in the policy of insurance issued by Defendant Philadelphia Insurance Company. Brian Clay Wooten's insurance policy in effect at the time of the occurrence on October 25, 2013 provided for $30,000.00 per person or $60,000.00 per occurrence liability coverage. This amount was insufficient to fully compensate Plaintiff Dexter Walker for all of his damages sustained in that loss. Plaintiff timely and properly notified Defendant Philadelphia Insurance Company of the accident. Plaintiff would show that a policy of insurance with Defendant Philadelphia Insurance Company had underinsured motorist coverage. Plaintiff has fully complied with all conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant Philadelphia Insurance Company has failed and refused and still fails and refuses, to pay Plaintiff reasonable benefits under this policy as it is contractually required to do.

## V.
## CAUSES OF ACTION AGAINST PHILADELPHIA INSURANCE COMPANY

### A. BREACH OF CONTRACT

12. Defendant Philadelphia Insurance Company breached the insurance contract by failing to provide uninsured/underinsured coverage, resulting in damages to the Plaintiff.

### B. UNFAIR INSURANCE PRACTICES

13. Defendant Philadelphia Insurance Company is guilty of unfair insurance practices in violation of ARTICLE 21.21, § 16 and CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by the provision. These unfair practices have been producing causes of Plaintiff's actual damages.

14-006814 POP

**EXHIBIT A**

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

14. Defendant Philadelphia Insurance Company has breached its duty of good faith and fair dealing by denying Plaintiff's underinsured motorist claim without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff's claims and failing to effect prompt resolution of Plaintiff's claim. Defendant's breach has been a producing and proximate cause of Plaintiff's actual damages.

### D. VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

15. Defendant Philadelphia Insurance Company is liable because its actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendant Philadelphia Insurance Company violated the DTPA in one or more of the following aspects:

   a. Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

   b. Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

   c. Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

   d. Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23); and

   e. Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

### E. FRAUD

16. Defendant Philadelphia Insurance Company committed fraud against Plaintiff in that it made false misrepresentations regarding the coverage for which Plaintiff was paying premiums. In this regard, Plaintiff was paying premiums for coverage which Plaintiff did not receive.

14-006814 POP

**EXHIBIT A**

## X.
## ADDITIONAL DAMAGES AND PENALTIES

17. Defendant Philadelphia Insurance Company's conduct was committed knowingly. Accordingly, Philadelphia Insurance Company is liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50 (b)(1). Plaintiff is also entitled to an additional two times the first $1,000 in actual damages, as provided by TEX. BUS. & COMM. CODE § 17.50 (b)(1).

18. Defendant Philadelphia Insurance Company acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair dealing; therefore, Philadelphia Insurance Company is liable for exemplary damages.

19. Additionally, Plaintiff is also entitled to the 12% penalty allowed by TEX. INS. CODE CHAPTER 542 based on Defendant's refusal to pay the claim.

## X.
## ATTORNEY'S FEES

20. Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to recover from Defendant Philadelphia Insurance Company the additional sum of 18 percent per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals of the Supreme Court of Texas. Additionally, Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 (8); TEX. INS. CODE ARTICLE 21.21, § 16; TEX. BUS. AND COMM. CODE § 17.50; and TEX. INS. CODE ARTICLE 3.62-1.

14-006814 POP

**EXHIBIT A**

## XI.
## INTEREST

21.   Plaintiff further requests both pre judgment and post judgment interest on all his damages as allowed by law.

## XII.
## JURY DEMAND

22.   Plaintiff demands a trial by jury and tenders payment this date of the required jury fee.

## XIII.
## REQUESTS FOR RULE 194 DISCLOSURES AND RULE 193.7 NOTICE

23.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

24.   Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff Dexter Walker, hereby gives actual notice to Defendant, Philadelphia Insurance Company, a member of the Tokio Marine Group that any and all documents produced by each Defendant may be used against each Defendant producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant Philadelphia Insurance Company be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

14-006814 POP

**EXHIBIT A**

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
361/ 985-0600 – Phone
361/ 985-0601 – Facsimile

By: _____
Thomas J. Henry
State Bar No.: 09484210
Dale Hicks
State Bar No.: 09575430

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

14-006814 POP

**EXHIBIT A**

PRIVATE PROCESS       Case Number: 2015-CI-11247

2015CI11247 S00001

**DEXTER WALKER**
**VS.**
**PHILADELPHIA INSURANCE COMPANY**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: PHILADELPHIA INSURANCE COMPANY



BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 9th day of July, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF JULY A.D., 2015.

PETITION

DALE HICKS
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344

**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Xavier Duran*, Deputy

---

OFFICER'S RETURN

I received this citation on Aug. 3, 2015 at 12:40 o'clock P M. and:(✓) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at ____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____


SEE AFFIDAVIT ATTACHED

OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20____.

_____
Declarant

**EXHIBIT A**

RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

7014 5490 0001 3409 1503

**EXHIBIT A**

## CAUSE NO. 2015-CI-11247

| | | |
|---|---|---|
| DEXTER WALKER, | § | IN THE JUDICIAL COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| PHILADELPHIA INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared Teresa Ramos who, being by me duly sworn, deposed and said:

"The following came to hand on August 3, 2015 at 12:40 pm,

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,**

and was executed on August 7, 2015 by mailing to Philadelphia Insurance Company by delvering to its Registered Agent CT Corporation System at 1999 Bryan St. Ste. 900, Dallas, Texas 75201, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. 7014 3490 0001 3409 1563, a true copy of this citation.

The regular mail envelope was not returned. PS Form 3811 was returned on August 12, 2015 having been signed on August 7, 2015 and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_(signature)_
Teresa Ramos
SCH# 10049 Expires 11-30-15
Bexar County, Texas

BEFORE ME, a Notary Public, on this day personally appeared Teresa Ramos, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON  8·13·15

_(signature)_
Notary Public, State of Texas

RICHARD D. RAMOS
Notary Public, State of Texas
My Commission Expires
March 22, 2018

**EXHIBIT A**
DOCUMENT SCANNED AS FILED



**EXHIBIT A**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  Chris Wells   AUG 07 2015<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address: Company by serving its Corporation System ☐ No |
| 1. Article Addressed to:<br>Philadelphia Insurance Company<br>to its registered agent<br>1999 Bryan St. Ste 900<br>Dallas TX 75201 | 3. Service Type<br>☒ Certified Mail®  ☐ Priority Mail Express™<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee)  ☒ Yes |
| 2. Article Number<br>(Transfer from service label) | 7014 3490 0001 3409 1563 |

PS Form 3811, July 2013    Domestic Return Receipt

DOCUMENT SCANNED AS FILED

**EXHIBIT A**



**EXHIBIT A**