IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEXTER WALKER, § | | |
|    Plaintiff, § | | |
| § | | Civil Action No. 5:15-cv-00732 |
| VS. § | | |
| § | | |
| PHILADELPHIA INDEMNITY § | | |
| INSURANCE COMPANY, § | | DEMAND FOR JURY TRIAL |
|    Defendant. § | | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW DEXTER WALKER, Plaintiff herein, complaining of PHILADELPHIA INDEMNITY INSURANCE COMPANY, Defendant herein, and for cause of action would respectfully show this Honorable Court the following:

### INTRODUCTION

This is a lawsuit arising from a collision that occurred in Uvalde, Texas between Plaintiff and Bryan Clay Wooten while Plaintiff was acting in the course and scope of his employment for United Seating and Mobility. As a result of the collision Plaintiff was severely injured and suffered great damages.

### PARTIES

1. Plaintiff Dexter Walker ("Plaintiff") is an individual residing in Bexar County, Texas.

2. Defendant Philadelphia Indemnity Insurance Company ("Defendant") is an insurance company formed and existing under that laws of the State of Pennsylvania. This Defendant has been served and no further service is necessary.

## JURISDICTION AND VENUE

3. Plaintiffs filed their original petition in this case in Bexar County District Court on July 9, 2015. On August 27, 2015, Defendant filed a Notice of Removal to this Court and Defendant's Original Answer.

4. Jurisdiction in this Court is proper under 28 U.S.C. §1332 because complete diversity of the parties exists, and the amount in controversy is in excess of $75,000.00.

## FACTUAL BACKGROUND

5. On or about 25, 2013, Plaintiff was lawfully operating a operating a 2012 Ford transit Connect XL in the southbound lane of FM 481. Plaintiff subsequently stopped at a stop light in a construction zone.

6. Brian Clay Wooten was traveling behind the Plaintiff in a 2002 Chevrolet Silverado. Mr. Wooten admitted to the investigating police officer at the scene, DPS officer Emanuel Ornelas that he did not notice the warning signs and slammed into the rear end of the vehicle being operated by the Plaintiff.

7. Mr. Wooten was traveling at approximately 50 mph when he violently rear ended the Plaintiff. Mr. Wooten was issued tickets for driving with an invalid license and for failing to control his speed. As a result of this collision, Plaintiffs sustained severe injuries and damages.

8. Plaintiff would show unto the Court that Plaintiff was at all times acting in the course and scope of his employment for United Seating and Mobility, and was protected against loss caused by bodily injury, and resulting from the ownership, maintenance,

or use of an uninsured/underinsured motor vehicle by a policy of insurance issued by defendant Philadelphia Indemnity Insurance Company.

9. Prior to October 25, 2013 collision, Defendant Philadelphia Indemnity Insurance Company issued to its insured, Dexter Walker, a policy of insurance insuring protection against loss caused by bodily injury and property damages caused from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle and that such policy was number PHPK1043161. Such policy was in full force and effect on October 25, 2013.

10. Plaintiff was, at the time of the occurrence described above, operating an underinsured vehicle, as that term is defined in the policy of insurance issued by Defendant Philadelphia Indemnity Insurance Company. Brian Clay Wooten's insurance policy in effect at the time of the occurrence on October 25, 2013 provided for $30,000.00 per person or $60,000.00 per occurrence liability coverage. This amount was insufficient to fully compensate Plaintiff for all of his damages sustained in that loss. Plaintiff timely and properly notified Defendant Philadelphia Indemnity Insurance Company of the accident. Plaintiff would show that a policy of insurance with Defendant Philadelphia Indemnity Insurance Company had underinsured motorist coverage. Plaintiff has fully complied with all conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Defendant Philadelphia Indemnity Insurance Company has failed and refused, and still fails and refuses, to pay Plaintiff reasonable benefits under this policy as it is contractually required to do.

### FIRST CAUSE OF ACTION AGAINST PHILADELPHIA INDEMNITY INSURANCE COMPANY—BREACH OF CONTRACT

11. Plaintiff hereby re-alleges the factual allegations contained in paragraphs 6-11 and incorporate them herein by reference.

12. Defendant Philadelphia Indemnity Insurance Company breached the insurance contract by failing to provide uninsured/underinsured coverage, resulting in damages to the Plaintiff.

### SECOND CAUSE OF ACTION AGAINST PHILADELPHIA INDEMNITY INSURANCE COMPANY—UNFAIR INSURANCE PRACTICES

13. Plaintiff hereby re-alleges the factual allegations contained in paragraphs 6-13 and incorporate them herein by reference.

14. Defendant Philadelphia Indemnity Insurance Company is guilty of unfair insurance practices in violation of ARTICLE 21.21, § 16 and CHAPTER 541 of the TEXAS INSURANCE CODE, and the statutes, rules, and regulations incorporated by the provision. These unfair practices have been producing causes of Plaintiff's actual damages.

### THIRD CAUSE OF ACTION AGAINST PHILADELPHIA INDEMNITY INSURANCE COMPANY—BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

15. Plaintiff hereby re-alleges the factual allegations contained in paragraphs 6-15 and incorporate them herein by reference.

16. Defendant Philadelphia Indemnity Insurance Company has breached its duty of good faith and fair dealing by denying Plaintiff's underinsured motorist claim without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff's

claims and failing to effect prompt resolution of Plaintiff's claim. Defendant's breach has been a producing and proximate cause of Plaintiff's actual damages.

## FOURTH CAUSE OF ACTION AGAINST PHILADELPHIA INDEMNITY INSURANCE COMPANY—VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

17. Plaintiff hereby re-alleges the factual allegations contained in paragraphs 6-17 and incorporate them herein by reference.

18. Defendant Philadelphia Indemnity Insurance Company is liable because its actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendant Philadelphia Indemnity Insurance Company violated the DTPA in one or more of the following aspects:

    a.    Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

    b.    Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

    c.    Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

    d.    Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23); and

    e.    Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacityto a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

### FOURTH CAUSE OF ACTION AGAINST PHILADELPHIA INDEMNITY INSURANCE COMPANY—FRAUD

19. Plaintiff hereby re-alleges the factual allegations contained in paragraphs 7-19 and incorporate them herein by reference.

20. Defendant Philadelphia Indemnity Insurance Company committed fraud against Plaintiff in that it made false misrepresentations regarding the coverage for which Plaintiff was paying premiums. In this regard, Plaintiff was paying premiums for coverage which Plaintiff did not receive.

### ADDITIONAL DAMAGES AND PENALTIES

21. Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

22. Defendant Philadelphia Indemnity Insurance Company's conduct was committed knowingly. Accordingly, Philadelphia Indemnity Insurance Company is liable for additional damages as authorized by TEXAS. INS. CODE CHAPTER 540 and TEX. BUS. & COMM. CODE § 17.50 (b)(1). Plaintiff is also entitled to an additional two times the first $1,000 in actual damages, as provided by TEX. BUS. & COMM. CODE § 17.50 (b)(1)..

23. Defendant Philadelphia Indemnity Insurance Company acted with conscious indifference to the rights of the Plaintiff in breaching the duty of good faith and fair dealing; therefore, Philadelphia Indemnity Insurance Company is liable for exemplary damages.

24. Additionally, Plaintiff is also entitled to the 12% penalty allowed by TEX. INS. CODE

CHAPTER 542 based on Defendant's refusal to pay the claim.

25. As a result, the damages sought are in excess of one million dollars ($1,000,000.00).

## ATTORNEY'S FEES

26. Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

27. Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to recover from Defendant Philadelphia Indemnity Insurance Company the additional sum of 18 percent per year of the amount payable under the policy as penalty, together with a reasonable sum for the necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals. Additionally, Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 (8); TEX. INS. CODE ARTICLE 21.21, § 16; TEX. BUS. AND COMM. CODE § 17.50; and TEX. INS. CODE ARTICLE 3.62-1.

## DEMAND FOR JURY TRIAL

28. Plaintiff hereby makes his demand for a jury trial and acknowledge herein the payment on this date of the required jury fee.

## PRAYER

WHEREFORE, premises considered the Plaintiff hereby requests and prays that the Defendant be cited to appear and answer herein and that upon final hearing the Plaintiff has and recovers from Defendant, his actual damages, exemplary damages, attorneys' fees, prejudgment (from the date of injury through the date of judgment) and post judgement interest as allowed by

law, court costs and other and further relief to which the Plaintiff may show himself to be justly entitled at law or in equity.

                              Respectfully Submitted,

                              THE LAW OFFICE OF THOMAS J. HENRY
                              521 Starr Street
                              Corpus Christi, Texas 78401
                              Tel. (361) 985-0600
                              Fax. (361) 985-0601

By_____
    Thomas J. Henry
    State Bar No. 09484210
    Alan Dale Hicks
    State Bar No. 09575430
    *Email:dhicks-svc@thomasjhenrylaw.com

**ATTORNEYS FOR PLAINTIFF**

*Service by email to this email address only.

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument, Plaintiff's First Amended Complaint, was served in accordance with the Federal Rules of Civil Procedure on all counsel of record on this _____ day of October, 2015.

**_VIA FACSIMILE_: (210) 293-8733**
Cokinos, Bosien & Young
Stephanie O' Rourke
10999 IH-10 West, Suite 800
San Antonio, Texas 78230

_____
Dale Hicks